UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| GARY GRANT, | ) | C/A No.: 4:16-cv-540-TMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN, LEE CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Gary Grant, (Petitioner), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 19, 2016. (Doc. #1). Respondent filed a motion for summary judgment on April 8, 2016, along with the return and memorandum. (Docs. #11 and #12). The undersigned issued an order filed April 11, 2016, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #13). Petitioner filed a response in opposition on June 3, 2016.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lieber Correctional Institution. The Berkeley County Grand Jury indicted Petitioner during the February 2007 term for Murder, Armed Robbery, two counts of Burglary-First Degree, and four counts of Kidnapping. Petitioner was represented by Michael T. Bolus, Esquire. Petitioner proceeded with a jury trial. Petitioner was convicted by the jury as indicted. On August 20, 2007, Petitioner was sentenced by the Honorable Deadra L. Jefferson to life for Murder and thirty years for all the remaining charges. The sentences were ordered to be served concurrently.

### **Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner, and an appeal was perfected. On appeal, Petitioner was represented by Robert Dudel, Esquire of the South Carolina Office of Appellant Defense. The appeal was perfected by way of an Anders[2] brief raising the following issue to the South Carolina Court of Appeals:

Whether the court erred by ruling appellant lost the right to

---

[2] Anders v. California, 386 U.S. 738 (1967).

2

the last argument because an antagonistic co-defendant
introduced a photographic array, since the precedent
holding the co-defendant loses the right to last argument in
this instance is not justified by logic or fairness and this
Court should overrule that precedent?

(Anders Brief, App. p. 1002). Petitioner filed a *pro se* response to the Anders brief

raising the following issues:

1.    Did the court err in sentencing appellant to thirty-years for each
      kidnapping count when appellant was also sentenced to life
      imprisonment for murder?
2.    Is appellant entitled to have his kidnapping convictions and
      sentences vacated since the trial court sentenced appellant o life
      for murder stemming from the same incident?

(*Pro se* Anders brief).

The South Carolina Court of Appeals denied the motion to be relieved as

counsel and ordered briefing by the parties on the following issue:

Did the trial court err in sentencing Grant for both the
kidnapping and murder of Dexter Perry when Section 16-3-
910 of the South Carolina Code (2003) prohibits such a
sentence.

(Order Denying Motion to Be Relieved). Both parties then submitted a brief on the

merits. On July 11, 2012, the South Carolina Court of Appeals vacated

Petitioner's Kidnapping sentence for victim Dexter Perry because Petitioner also

received a concurrent Murder sentence for the same victim. State v. Grant,

2012-UP-406 (Ct. App. 2012). The Remittitur was issued on July 27, 2012.

3

## PCR

Petitioner filed his application for post-conviction relief (PCR) on August 6, 2012, raising the following arguments:

(1). Ineffective assistance of counsel.

a. "Applicant has never been induced into studying legal law until recently as a result of legal events."

(2). Due process violation.
a. "Violations of Applicant's 4th, 5th, 6th, and 14th amendment rights."

At the hearing, Applicant proceeded on the following claims:

1. Ineffective assistance of counsel.
a. Counsel failed to make a motion regarding a last minute witness.
b. Counsel failed to call an EMS worker as a witness at trial.

2. Brady violation.

(PCR Order of Dismissal).

An evidentiary hearing on the matter was convened on November 18, 2014, at the Charleston County Courthouse before the Honorable Stephanie P. McDonald, Circuit Court Judge ("the PCR Court"). Petitioner was present at the hearing and represented by Charles T. Brooks, III, Esquire. Ashleigh R. Wilson, Esquire of the South Carolina Office of the Attorney General represented Respondent. At the hearing, Petitioner was present and testified. Michael T. Bolus, trial counsel,

4

also testified. On October 14, 2014, the PCR Court issued an Order of Dismissal denying and dismissing the PCR allegations.  The order was filed on October 31, 2014.  (App. p. 861).

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR application by way of a Johnson petition for writ of certiorari to the South Carolina Supreme Court. Petitioner was represented by John H. Strom of the South Carolina Office of Appellate Defense. Petitioner raised the following allegation:

> Whether trial counsel provided ineffective assistance of counsel by failing to interview the EMS worker who heard decedent's dying declaration and would have testified that decedent identified Jermain Hartwell as the shooter?

(Johnson petition).  Collateral appellate counsel certified to the State Supreme Court the appeal was without merit and asked to be relieved as counsel. Petitioner filed *a pro se* response to the Johnson petition, raising the following issues to the South Carolina Supreme Court:

1.    Extrinsic Fraud at PCR.

2.    Ineffective Assistance of PCR Counsel

(*Pro  se* Response  to Johnson Petition).  On August 6, 2015, the South  Carolina Supreme  Court  denied  the  Johnson  Petition for Writ of Certiorari  and  granted

counsel's request to withdraw. The Remittitur was issued on August 24, 2015.

Petitioner filed this petition for federal habeas corpus review on February 19, 2016.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:  Ineffective assistance of trial counsel (See Memorandum A).

Supporting facts:  Sixth Amendment right to competent and effective trial counsel greatly violated when trial counsel took Defendant to trial in a capital case without all documentation entitled to Defendant under Brady v. Maryland to ensure Defendant a fair trial. (See Memorandum A).

GROUND TWO:  Ineffective assistance of trial counsel (See Memorandum A).

Supporting Facts:  Sixth Amendment violation when trial counsel for Defendant refused his client's wishes to be tried separately from all alleged co-defendants. (See Memorandum A.).

GROUND THREE:  Violation of Defendant/Petitioner's Sixth and Fourteenth Amendment Rights collectively. (See Memorandum A).

Supporting Facts:  It was allowed throughout trial for the State to use glaringly apparent conflicting testimony from its star witnesses, and trial judge abused her discretion in allowing such obviously inadmissible evidence even

|                | if trial attorney himself was too incompetent to object. (See Memorandum A.). |
|----------------|-------------------------------------------------------------------------------|
| GROUND FOUR:   | Can the State of South Carolina maintain a conviction that resulted from an illegal grand jury, a void indictment and criminal acts? |
| Supporting Facts: | (See Attachment 4 page 96-131). |

ADDITIONAL GROUNDS IN ATTACHMENT AS SET FORTH BY RESPONDENT[3]

|              |                                                                               |
|--------------|-------------------------------------------------------------------------------|
| GROUND FIVE: | Ineffective assistance of counsel for failing to call EMS worker to testify to victim's statement. |
| GROUND SIX:  | Errors and omissions in the PCR process [PCR Judge, PCR counsel & Attorney General conspired to deprive Petitioner of his PCR rights. |

(Petition and attachments) (errors in original).


## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by

pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz

---

[3] Petitioner submitted a handwritten attachment to his federal habeas petition. In this attachment, Petitioner argues that there were errors and omissions at his PCR hearing by his PCR counsel, his trial counsel, the PCR judge, and the attorney representing the State. (See Doc. 1-1, p. 1-4). Additionally, Petitioner argues that neither of his attorneys made an effort to pursue a "dying declaration" witness on his behalf. In his Johnson petition, Petitioner raised the issue that counsel was ineffective for failing to interview the EMS worker who heard decedent's dying declarations and would have testified that decedent identified Jermain Hartwell as the shooter. (Johnson petition). Respondent set forth these two arguments and "arbitrarily numbered those grounds as Grounds Five and Six." (Doc. #12, fn. 12). The court will address these two issues as Grounds "Five" and "Six".

v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find

for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


**STANDARD OF REVIEW**

9

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has

10

"the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

11

Reed v. Ross, 468 U.S. 1, 10–11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

## ANALYSIS

Respondent conceded that the Petitioner is not barred by the AEDPA one (1) year statute of limitations. However, Respondent argues that Grounds One, Two, Three, Four, Five and Six are procedurally barred.

In his response in opposition to summary judgment, Petitioner states that the only issues he wants the court to review and consider on his behalf are "Issue #1:

Whether the trial court lacked subject matter jurisdiction in this case to hear this matter resulting in a guilty verdict?"; "Issue #2: Whether trial and PCR counsel rendered effective assistance at trial and evidentiary hearing by failing to call the EMS worker as a favorable witness to the Petitioner?"; and, "Issue #3": Petitioner states that "his PCR counsel was ineffective for failing to properly preserve his issues for appeal." (Doc. # 22). Therefore, it is recommended that the issues designated as Grounds One, Two, and Three in the habeas petition be dismissed as abandoned. However, in the alternative, it is recommended that they be dismissed on the merits as discussed below.

## Ground One

In Ground One, Petitioner alleges ineffective assistance of trial counsel when counsel proceeded to trial without receiving all of the <u>Brady v. Maryland</u> materials from the State so that he did not have a fair trial. Respondent argues the issue is procedurally barred from federal habeas review because it was addressed by the PCR court but not raised in the PCR appeal.

The issue raised in Petitioner's Ground One was raised at PCR and ruled upon by the PCR judge. However, the issue was not raised in the petition for writ of certiorari. Therefore, it is recommended that Ground One be dismissed as it is procedurally barred from federal habeas review. Petitioner has not shown cause to

overcome the default.[4]

## Ground Two

In Ground Two, Petitioner argues that trial counsel was ineffective when he did not honor Petitioner's wishes to be tried separately from the alleged co-defendants. Respondent argues that this issue is procedurally barred in that it was not raised or ruled upon by the PCR court, and Petitioner did not file a Rule 59 Motion to have the issue addressed.

Based on a review of the PCR court's order of dismissal, Ground Two was not addressed by the PCR court in its Order of Dismissal.[5] A Rule 59(e) motion was not filed. Therefore, this issue is procedurally barred from federal habeas review. See Coleman, supra. Petitioner has failed to demonstrate cause to excuse the procedural bar. In Martinez v. Ryan,132 S. Ct. 1309 (2012), the Supreme Court established a

---

[4] The Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), exception does not extend to PCR appellate counsel. See e.g., Crowe v. Cartledge, No. 9:13–CV–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, No. 1:11–CV–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar.25, 2013) ( "Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").

[5] At the PCR hearing, Petitioner asserted counsel failed to move for a severance at the preliminary hearing. Counsel testified that ". . .I've never been at one where you have three or four defendants and you get a motion to sever at preliminary hearing. Maybe that happens some places but I don't understand the legal basis for severing at preliminary hearing because you want everybody–why do you want to come back three or four times? I've never seen a magistrate do that." (Tr. 843). However, this issue was not addressed by the PCR court in the Order of Dismissal.

"limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural bar of a claim of ineffectiveness of trial counsel. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318–19, 1320–21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

To establish cause under <u>Martinez</u>, Petitioner must demonstrate (1) that his PCR counsel was ineffective under <u>Strickland</u> and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one." <u>Martinez</u>, 132 S. Ct. at 1318. Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59(e) motion was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." <u>Sexton</u>, 679 F.3d at 1157; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 391 (2000) (stating that "the <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); <u>Strickland</u>, 466 U.S. at 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under <u>Strickland</u> and that the underlying claims of ineffective assistance of trial counsel are substantially meritorious to overcome the procedural bar. If Petitioner is alleging that trial counsel should have moved to sever at the preliminary hearing, the claim is not substantial. Petitioner has not shown that counsel's performance was deficient in

16

failing to move for severance of the defendants for purposes of the preliminary hearing, or resulting prejudice. If Petitioner is attempting to argue that trial counsel was ineffective for failing to move during the preliminary hearing for severance of the defendants at trial, the claim is without merit. Criminal defendants who are jointly tried for murder are not entitled to separate trials as a matter of right. State v. Kelsey, 331 S.C. 50, 502 S.E.2d 63 (1998); State v. Nichols, 325 S.C. 111, 481 S.E.2d 118 (1997); see also State v. Garrett, 350 S.C. 613, 567 S.E.2d 523 (Ct.App.2002) (clarifying that co-defendants are not entitled to separate trials as a matter of right). A motion for severance is addressed to the sound discretion of the trial court. State v. Harris, 351 S.C. 643, 572 S.E.2d 267 (2002). The trial court's ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Simmons, 352 S.C. 342, 350, 573 S.E.2d 856, 860. An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law. State v. Lopez, 352 S.C. 373, 574 S.E.2d 210 (Ct.App.2002). Here, both co-defendants separately requested separate trials. The trial judge stated antagonistic defenses, which he found was the only basis for them to make the request, was not a sufficient basis for severance and denied their requests. (Tr. 34-35). The trial judge stated that criminal co-defendants are not entitled to separate trials as a matter of right and that having different trial strategies, some evidence admissible against one but not the

17

other, or the inability to make a co-defendant testify or having a co-defendant to testify are not basis to sever.  Id.

Also, Petitioner cannot show prejudice, because he cannot show that the outcome of the trial would have been different if he had been tried separately.   There was identification testimony from more than one witness which included victims. (Tr. 187, 213). Furthermore, the trial judge gave specific cautionary instructions to the jury directing them that they must consider the evidence against each defendant separately and each charge against each separate defendant separately (tr. 719). See State v. Holland, 261 S.C. 488, 494, 201 S.E.2d 118, 121 (1973) (finding trial court's cautionary instructions to the jury protected the rights of each individual appellant and ensured there was no prejudice arising out of their joint trial).

Accordingly, Petitioner cannot demonstrate that the underlying ineffective assistance of counsel claim set forth in Petitioner's Ground Two was substantial, nor can he show PCR counsel was ineffective for failing to raise the issue at the PCR hearing or in a subsequent Rule 59(e) motion. See Martinez, supra. The undersigned recommends that Respondent's motion for summary judgment be granted as to Ground Two.

**Ground Three**

In Ground Three, Petitioner alleges a violation of his Sixth and Fourteenth

Amendment rights when the trial judge abused her discretion in allowing the "State to use glaringly apparent conflicting testimony from its star witnesses. . . even if trial attorney himself was too incompetent to object." (Petition). Respondent argues this issue is procedurally defaulted because this claim of trial court error was not raised at trial or on direct appeal. Additionally, Respondent argues that this ground is not cognizable as an issue of admissibility of evidence does not present a federal question.

As set forth, Petitioner presents this issue as trial court error or an issue of state law. The court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir.1998). Also, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Therefore, this issue is not cognizable for federal habeas review and should be dismissed.[6]

## Ground Four

In Ground Four, Petitioner argues trial court error asserting "[c]an the State of South Carolina maintain a conviction that resulted from an illegal grand jury, a void indictment and criminal counts (?)?" (Petition). Respondent argues this issue of trial

---

[6] Additionally, this issue is procedurally barred from federal habeas review as it was not raised at trial or on direct appeal.

court error was waived and abandoned in state court when it was not raised at trial or on direct appeal. Additionally, Respondent asserts this issue is not cognizable on federal habeas review as there is no constitutional right to an indictment or a grand jury only reasonable notice.

This issue is procedurally barred as it is not cognizable on federal habeas review. The allegations raised in Ground Four are a matter of state law that are not reviewable in a federal habeas action.[7] See Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). The Fifth Amendment's indictment requirement is not applicable to the states. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972) ("[T]he Court has never held that federal concepts of a 'grand jury', binding on the federal courts under the Fifth Amendment, are obligatory for the States.") (citing Duncan v. Louisiana, 391 U.S. 145 (1968)). Therefore, to the extent Petitioner alleges a Fifth Amendment violation in the state indictment or grand jury process, such a claim is not cognizable in habeas review.  Accordingly, Petitioner fails to state a claim upon which relief may be granted in Ground Four, and it is recommended that Respondent's motion for summary judgment be granted as to Ground Four.

---

[7] The Supreme Court of South Carolina has made clear that the indictment is a notice document and that presentment of an indictment, or waiver of presentment, is not needed to confer subject matter jurisdiction. State v. Gentry, 363 S.C. 93, 610 S.E.2d 494, 499 n. 6 (S.C.2005).

## Ground Five

In Ground Five, Petitioner alleges a claim of ineffective assistance of counsel for failing to call an EMS worker to testify to the dying victim's statement. Respondent argues this issue is barred from an evidentiary hearing because Petitioner failed to establish an evidentiary basis for Ground Five in state court proceedings when he did not call the EMS worker as a witness at PCR to testify.

This issue was raised and ruled upon by the PCR court as follows:

> The Applicant also alleges that counsel was ineffective in failing to call an emergency service worker (EMS) as a witness at trial. The Court finds that this allegation is without merit. The South Carolina Supreme Court has repeatedly held that a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1998). The applicant's mere speculation regarding what the witnesses' testimony might have been cannot, by itself, satisfy the applicant' s burden of showing prejudice. Id. (citing Glover v. State, 318 S.C. 496, 498-99, 458 S.E.2d 538, 540 (1995)). This Court finds that Applicant has failed to provide the identity of the EMS worker whom he alleges counsel should have called as a witness. The Court also finds that Applicant has failed to present the testimony of this proposed witness, and the Court will not speculate as to the substance of the witness' testimony or any effect that it might have had on the outcome of the Applicant's proceeding. Applicant has failed to carry his burden of proving that counsel was ineffective in failing to call an EMS worker as a witness at trial.

(Tr. 867).

The PCR court's determination with regard to Ground Five was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Furthermore, the PCR court's determination did not result in a decision that was based on an unreasonable determination of the facts in light of the record. Petitioner failed to present the EMS worker as a witness during the PCR evidentiary hearing. Thus, the PCR court could not know to what the EMS worker would have testified had he been subpoenaed as a witness at trial and whether any prejudice resulted from trial counsel's failure to call the witness. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th Cir.1990), cert. denied, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991). Accordingly, it is recommended that summary judgment be granted as to Ground Five.

## Ground Six

In Ground Six, Petitioner alleges errors in the PCR process. In his response in opposition to summary judgment, Petitioner asserts that "PCR counsel, PCR judge, and Attorney General committed extrinsic fraud for failing to hear his issues" raised in his amended PCR application. (Doc. # 22, p. 11).

As to Ground Six, Petitioner fails to state a cognizable claim because

22

complaints about alleged defects in collateral review proceedings and procedures are not cognizable in a federal habeas action. See § 2254(a); <u>Lawrence v. Branker</u>, 517 F.3d 700, 717 (4th Cir. 2008)("A state prisoner has no federal constitutional right to post-conviction proceedings in state court .... Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.") (<u>citing Bryant v. Maryland</u>, 848 F.2d 492, 493 (4th Cir. 1988)). Therefore, Petitioner has failed to state a claim upon which habeas relief may be granted in Ground Six. Accordingly, the undersigned recommends granting Respondent's motion for summary judgment on Ground Six.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed.[8] Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

---

[8] As set forth above, it is RECOMMENDED that Grounds One, Two, and Three be dismissed as abandoned or, in the alternative, on the merits.

Respectfully submitted,


s/Thomas E. Rogers, III

Thomas E. Rogers, III

September <u>13</u>, 2016                    United States Magistrate Judge

Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.