IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary Grant, ) | |
| ) | C/A No. 4:16-540-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner Gary Grant's ("Grant") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On September 13, 2016, Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation recommending Respondent's motion for summary judgment (ECF No. 11) be granted and the petition dismissed without an evidentiary hearing. (ECF No. 26). On October 19, 2016, Grant timely filed objections to the Report (ECF No. 32), and Respondent has responded to those objections (ECF No. 34).[1] Accordingly, this matter is now ripe for review.

---

[1] The court notes that Respondent's 58-page response appears to be a re-filing of a slightly amended version of the memorandum supporting his summary judgment motion. Reviewing the response, Respondent added a sentence at the beginning and the end stating that all of Grant's objections are without merit and should be overruled, and a sentence before and after the discussion of each ground that the magistrate judge either correctly found the claim procedurally barred or "correctly dismissed this claim." (ECF No. 34 at 1, 18, 19, 20, 22, 26, 29, 32, 56, 57, and 58). The response does not specifically address Grant's objections. Instead, Respondent is merely repeating his arguments made in support of his summary judgment motion. To allow a party to simply defer to its original arguments as if the magistrate judge had said nothing adds an unnecessary layer of review and does not narrow and focus the issues as was intended by the Federal Magistrates' Act, 28 U.S.C. § 636. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991) (stating that where a party files a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless," and results in a "duplication of time and effort [that] wastes judicial resources rather than saving them, and runs contrary to the

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

In his Report, the magistrate judge sets forth the procedural history and then addressed each of the six grounds that Grant raises in this habeas action:

GROUND ONE:        Ineffective assistance of trial counsel (See Memorandum A).

Supporting facts:   Sixth Amendment right to competent and effective trial counsel greatly violated when trial counsel took Defendant to trial in a capital case without all documentation entitled to Defendant under *Brady v. Maryland* to ensure Defendant a fair trial. (See Memorandum A).

GROUND TWO:        Ineffective assistance of trial counsel (See Memorandum A).
Supporting Facts:   Sixth Amendment violation when trial counsel for

---

purposes of the Magistrates Act."). While this reasoning is usually directed at objections, the court believes it applies equally to responses to objections. This instant response is simply not helpful and not responsive to Grant's specific objections.

|                    |                                                                                                                                                                                                                                                   |
|--------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                    | Defendant refused his client's wishes to be tried separately from all alleged co-defendants. (See Memorandum A.).                                                                                                                                 |
| GROUND THREE:      | Violation of Defendant/Petitioner's Sixth and Fourteenth Amendment Rights collectively. (See Memorandum A).                                                                                                                                       |
| Supporting Facts:  | It was allowed throughout trial for the State to use glaringly apparent conflicting testimony from its star witnesses, and trial judge abused her discretion in allowing such obviously inadmissible evidence even if trial attorney himself was too incompetent to object. (See Memorandum A.). |
| GROUND FOUR:       | Can the State of South Carolina maintain a conviction that resulted from an illegal grand jury, a void indictment and criminal acts?                                                                                                              |
| Supporting Facts:  | (See Attachment 4 page 96-131).                                                                                                                                                                                                                   |

ADDITIONAL GROUNDS IN ATTACHMENT AS SET FORTH BY RESPONDENT

|                  |                                                                                                                                                                |
|------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------|
| GROUND FIVE:     | Ineffective assistance of counsel for failing to call EMS worker to testify to victim's statement.                                                              |
| GROUND SIX:      | Errors and omissions in the PCR process [PCR Judge, PCR counsel & Attorney General conspired to deprive Petitioner of his PCR rights.                           |

(Petition and attachments) (errors in original).

(Report at 6-7)(footnote omitted).[2] The magistrate judge notes that, in his response to Respondent's summary judgment motion, Grant stated that he wants the court to review only three issues: 1) whether the trial court lacked subject matter jurisdiction; 2) whether trial and PCR counsel were ineffective for failing to call the EMS worker as a favorable witness to the Petitioner; and 2) whether PCR counsel was ineffective for failing to properly preserve issues for

---

[2]Grant raises four grounds for relief in his petition (ECF No. 1) and two additional grounds in a letter docketed as an attachment to the petition. (ECF No. 1-1). Liberally construing Grant's filings, the magistrate judge addresses all six issues Grant raises. (Report at 7 n.3).

appeal. (Report at 13). Therefore, the magistrate judge recommends that the remaining issues - Grounds One, Two, and Three be dismissed as abandoned. *Id.* Alternatively, the magistrate judge recommends that Grounds One and Two be dismissed as procedurally barred, and Ground Three be dismissed as the issue is not cognizable in a habeas action. (Report at 14-19). Additionally, the magistrate judge notes that Ground Three is procedurally barred. (Report at 19 n.6). As for Grounds Four and Six, the magistrate found these issues are not cognizable in a habeas action (Report at 19-20, 22-23). And, as for Ground Five, the magistrate judge recommends that summary judgment be granted because the PCR court's determination on this issue was not contrary to, nor an unreasonable application of, clearly established Federal law. (Report at 22).

## II. Discussion

In his objections, Grant specifically states that he adopts the magistrate judge's rendition of the facts and procedural history. (Objections at 2). Accordingly, the court adopts these sections of the Report and will not set forth the facts and procedural history in detail here. In his objections, Grant specifically objects to the magistrate judge's finding that Grounds One, Two, Three, and Four are procedurally barred. (Objections at 3, 17, 21-22, 25, ). Grant, however, does not address the magistrate judge's finding that he abandoned Grounds One, Two, and Three in his response to the Respondent's summary judgment motion. (Report at 13). Accordingly, the court finds Grounds One, Two, and Three are dismissed.

The magistrate judge found Ground One is procedurally barred because Grant did not raise the issue in his petition for a writ of certiorari before the South Carolina Supreme Court. (Report at 13). In his objections, Grant contends that he raised Ground One at his PCR hearing and to the South Carolina Supreme Court in a *Johnson* petition. (Objections at 4, 13). Grant

4

contends that the issue raised in Ground One is an ineffective assistance of counsel claim and it "is linked to the *Brady v. Maryland* material that was disclosed to trial counsel which is the EMS personal (sic) who was knowledgeable of the decedent's dying declaration stating that Jermain Hartwell [Not] Petitioner" was the shooter. (Objections at 5-12, 14).[3]

First, in his *Johnson* petition, Grant alleged ineffective assistance of PCR counsel, and not trial counsel. (ECF No. 12-11 at 11). In any event, even if this issue had not been abandoned and was not procedurally barred, the court finds it is without merit. Under *Strickland v. Washington*, to establish an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. *Strickland*, 466 U.S. 668, 684 (1984). There is a strong presumption that an attorney performed within the wide range of professional competence, and the attorney's performance will be deemed to have been deficient only if it fell below an objective standard of reasonableness measured under prevailing professional norms. *Id*. at 689, 694. To prove prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unreasonable errors, the result of the proceeding would have been different. *Id.* at 694.

Grant contends that trial counsel was ineffective for not presenting testimony from an EMS worker that the victim in a dying declaration stated that Grant's co-defendant, Jermaine Hartwell, was the person who shot him. Hartwell was known as "Manny," and during the trial, several witnesses testified that before dying the victim identified Manny as the shooter. *See* ECF No. 12-1 at 314-15 (Testimony of Joe Husser); ECF No. 12-1 at 251-53 (Testimony of Chris Nelson); ECF No. 12-1 at 363 (Testimony of Amber Cobbs); ECF No.12-1 at 374 (Testimony of

---

[3]*Brady v. Maryland,* 373 U.S. 83, 87 (1963) (holding suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment).

Deputy Sheriff J.D. McElvougue); ECF No. 12-2 at 40 (Testimony of Detective Gerald Merrithew). The testimony of the EMS worker would have been merely cumulative to the other witnesses. Trial counsel's failure to present merely cumulative mitigating evidence does not prejudice a defendant's case. *Buckner v. Polk*, 453 F.3d 195, 206 (4th Cir. 2006). Accordingly, Grant because can not show any prejudice from the EMS worker's testimony not being presented at trial, his ineffective assistance of counsel claim fails.

Grant also contends trial counsel was ineffective for going to trial without receiving all the *Brady* materials from the prosecution, including "gun, photos, bullets, money, weed . . . " (Objections at 3, 4. 8). Additionally, Grant appears to be alleging a freestanding claim of prosecutorial misconduct based upon the alleged *Brady* violations. (Objections at 9. 11, 12). To establish a *Brady* violation, a defendant must show that: (1) the evidence at issue is 'favorable to the accused, either because it is exculpatory, or because it is impeaching'; (2) the State suppressed the evidence, 'either willfully or inadvertently'; and (3) 'prejudice . . . ensued.' " *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (*citing Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Grant has not shown that the evidence or items he alleges were withheld were exculpatory.[4] Accordingly, Ground One is without merit.

The magistrate judge also found Ground Two is procedurally barred because the issue was not ruled on by the PCR court and Grant did not file a Rule 59 motion. (Report at 14). Additionally, the magistrate judge found that Grant has not established cause to overcome this bar. (Report at 14-18). Grant objects and contends that he raised this issue, but the PCR court failed to rule on it. (Objections 18, 19). He appears to acknowledge that he should have filed a

---

[4] He merely states that had these items been produced, there is a probability that the result of the trial would have been different. (Objections at 12).

6

Rule 59(e) motion, but he contends that he can show cause and prejudice to overcome the procedural bar. (Objections at 20). He alleges the PCR court and PCR counsel intentionally prevented him from raising the issue. *Id.*

When a habeas petitioner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Savino v. Murray*, 82 F.3d 593, 602-03 (4th Cir. 1996). In order to demonstrate a miscarriage of justice, Grant must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Grant cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* (internal citation omitted). The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default.

Liberally construing Grant's objections, he appears to be arguing that, pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the court should excuse his failure to present these claims to the state courts because of the ineffective assistance of PCR counsel. Pursuant to *Martinez*, an error by a prisoner's PCR counsel during his initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness claim if: (1) state law required the prisoner to wait until post-conviction review to raise *Strickland* claims; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the

7

prisoner can establish that his PCR counsel was ineffective under the *Strickland* standard. *Id.* at 1318-19.

Grant cannot establish that his underlying *Strickland* claims were substantial nor can he establish prejudice. In Ground Two, Grant alleges his trial counsel was ineffective for failing to move for a severance. (Objections at 21). Grant has presented no evidence to support his contention that the trial court would have granted the motion to sever if trial counsel had made such a motion - especially in light of the fact that the trial court denied motions to sever from Grant's co-defendants. Nor has Grant established prejudice. The trial court specifically instructed the jury that the co-defendants were charged with different crimes and that each co-defendant's case must be considered separately and individually. (ECF No. 719-20). *See State v. Dennis,* 523 S.E.2d 173, 176 (S.C. 1999) (finding a trial judge did not abuse his discretion by denying a motion to sever and noting the judge gave a cautionary instruction).

As for Grounds Three and Four, the magistrate judge found these issues are procedurally barred and, even if not barred, the magistrate judge found these issues are not cognizable in a habeas petition. (Report at 19, and 19 n.6). In his objections, Grant now frames these issues as ones of ineffective assistance of trial counsel for failing to object. (Objections at 22). Further, he contends that he tried to raise these issues in his PCR proceeding, but his PCR counsel and the PCR court intentionally stopped him. (Objections at 23, 24). Therefore, again liberally construing Grant's objections, he appears to be attempting to argue that he can establish cause under *Martinez*.

Additionally, as to Ground Four, Grant objects to the magistrate judge's finding that this issue is one of state law and not cognizable in a federal habeas action. (Objections at 28-29). He contends that he is arguing that the trial court lacked subject matter jurisdiction. Grant also

contends that he is arguing that his trial counsel failed to investigate the indictment process and failed to object to the indictment on the basis of fraud, and he states that his PCR counsel failed to raise this issue.

As an initial matter, it is well-settled that a state prisoner has no federal constitutional right to PCR proceedings in state court. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001). "Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Clark's complaints about alleged defects in the appeal of his state PCR proceeding are not cognizable on federal habeas review. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."); *Gray v. Stevenson*, C/A No. 4:11-cv-227-CMC-TER, 2012 WL 489010, at *17 (D.S.C. Jan. 24, 2012) (holding that grounds for relief "pertain[ing] to errors in the PCR actions . . . should be dismissed"), adopted by 2012 WL 488906 (D.S.C. Feb.15, 2012).

In his objections, Grant does not address Ground Five and Six.[5]  Accordingly, the court has reviewed the Report as to these grounds for clear error and finds none.

Based on the foregoing, the court finds that the state court's determinations were not

---

[5]The court notes that in Ground Five Grant raises the same issue as to trial counsel's failure to call the EMS worker to testify about the victim's dying declaration that Grant's co-defendant was the person who shot the victim which he raises in Ground One.  As discussed above, Grant cannot show any prejudice as to this issue because the evidence was merely cumulative.  In Ground Six, Grant alleges errors in the PCR proceeding. *See Wright v. Angelone*, 151 F.3d 151 (4th Cir.1998); *see also Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Therefore, these grounds are without merit and the court agrees with the magistrate judge's recommendation that Respondent be granted summary judgment on these grounds.

contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254 (d); *see also Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Furthermore, the state court's determinations did not result in a decision that was based on an unreasonable determination of the facts in light of the record.  *Id.*

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 11) is **GRANTED**; and the petition is **DISMISSED** without an evidentiary hearing.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

Anderson, South Carolina
January 26, 2017